UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2025 SEP 29 P 12:39

CLERK OF COURT

**Kevin Mathewson,**
Plaintiff,

v.

**Hon. Chad Kerkman,** in his official and individual capacity as Kenosha County Circuit Court Judge;

**Hon. Wynne Laufenberg,** in her official and individual capacity as Chief Judge of the Second Judicial **District and Racine County Circuit Court Judge;**

**Commissioner William Michel II,** in his official and individual capacity as Kenosha County Circuit Court Commissioner;

Defendants.

Case No. 25-C 1492

**COMPLAINT**

**INTRODUCTION**

1. This is a civil rights action under 42 U.S.C. § 1983 to vindicate the rights of journalist Kevin Mathewson, founder and editor of Kenosha County Eye ("KCE"), to equal protection, freedom of the press, and open access to court proceedings guaranteed by the United States Constitution, the Wisconsin Constitution, and Wisconsin Supreme Court Rule 61.

2. For more than five years, Plaintiff has been routinely credentialed to photograph proceedings in Kenosha Circuit Court and other courts across Wisconsin under the authority of commissioners and judges. Never once was Plaintiff sanctioned, removed, or disciplined by any presiding judicial officer.

3. Plaintiff's reporting for Kenosha County Eye has been re-broadcast, shared, and referenced across Wisconsin, the United States, and internationally, including by major national media outlets.

4. After Plaintiff published reporting critical of Judge Chad Kerkman, Defendants retaliated by imposing a categorical ban on Plaintiff and his publication from photographing intake court.

5. Other Circuit Court judges in Kenosha and Racine Counties have since credentialed Plaintiff to photograph in their courtrooms, seemingly disagreeing with this new trend of categorical denial.

6. The ban is not applied to any other news outlet. In fact, other outlets such as TMJ4 are actively granted same-day approvals that Plaintiff and Kenosha County Eye are denied.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper in this District under 28 U.S.C. § 1391 because the events occurred in Kenosha County, Wisconsin.

## PARTIES

9. Plaintiff Kevin Mathewson is a journalist residing in Kenosha, Wisconsin, and the founder of Kenosha County Eye, the most widely read local news source in Kenosha County, reaching over 750,000 unique visitors monthly. His reporting has been re-broadcast and cited nationally and globally.

10. Defendant Hon. Chad Kerkman is a Kenosha County Circuit Court Judge, sued in his individual and official capacities.

11. Defendant Hon. Wynne Laufenberg is a Racine County Circuit Court Judge and Chief Judge of the Second Judicial District, sued in her individual and official capacities.

12. Defendant Commissioner William Michel II is a Kenosha County Circuit Court Commissioner, appointed by Defendant Laufenberg, sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

13. Since the founding of Kenosha County Eye in 2020, Plaintiff has been credentialed over one hundred times to photograph proceedings in Kenosha intake court by Commissioners Larry Keating, William Michel II, and others.

14. Plaintiff has also been credentialed to photograph in Kenosha County Circuit Court, Racine County Circuit Court, Milwaukee County Circuit Court, Walworth County Circuit Court, Brown County Circuit Court, Kenosha Municipal Court, Pleasant Prairie Municipal Court, and beyond.

15. In 2023, Judge David Wilk ruled in Culat v. Mathewson, Case No. 2023CV000288, that Plaintiff was bona fide news media entitled to reporter's privilege under Wis. Stat. § 885.14.

16. Plaintiff has also served as pool photographer in major national trials, including the retrial of State v. Mark Jensen (approved by Kenosha County Circuit Court Judge Milisauskas) and the murder trial of Zachariah Anderson (approved by Kenosha County Circuit Court Judge Schroeder). Both trials received national and international coverage in which Plaintiff's photographs and reporting were re-broadcast and cited.

17. Plaintiff's coverage of Kenosha County courts and politics has repeatedly been picked up, shared, and referenced by national outlets, underscoring his role as a recognized member of the press beyond local reporting.

18. On September 2, 2025, Judge Kerkman sent a written email directive to Commissioner Michel ordering that "all media requests by Mr. Mathewson for intake court shall be denied" and that Plaintiff was prohibited from entering courtroom 157, the intake courtroom. A true and correct copy of this directive is attached as **Exhibit A.**

19. This directive was motivated by personal animus and retaliation for Plaintiff's reporting about Judge Kerkman, including a story about his bailiff being charged with a felony.

20. On September 2, 2025, Plaintiff's request to photograph intake court was denied for the first time in five years.

21. On September 5, 2025, Plaintiff made two separate requests: one same-day request, and another more than three days in advance, consistent with SCR 61's suggested guideline. Both were denied by Commissioner Michel.

22. On September 22, 2025, Chief Judge Wynne Laufenberg issued a written response to Plaintiff's appeal, stating that she lacked authority to overturn Judge Kerkman's directive and that all future requests must be submitted through SCR 61.

23. On September 22, 2025, consistent with her instructions, Plaintiff submitted a request through the media coordinator to photograph intake court on September 26. This was well above the three-day guideline. It was denied.

24. On September 26, 2025, Plaintiff requested permission for freelance photographer Nathan DeBruin to photograph intake court on assignment for Kenosha County Eye. It too was denied the same day.

25. On September 23, 2025, NBC Channel 4 (TMJ4) reporter Glenda Valdez was permitted to video record intake court on the same day without going through SCR 61 or the media coordinator. Commissioner Michel contacted Judge Kerkman, who granted Valdez permission.

26. Thus, the categorical denial is not only against "Kevin Mathewson," but against Kenosha County Eye and its contractors, while other media outlets are granted immediate approvals.

27. Under Supreme Court Rule 61, requests for still photography are to be submitted to the presiding judicial officer, who must consider them "with reasonable promptness." The Rule further provides that disputes or denials may be appealed to the Chief Judge of the Judicial District.

28. Chief Judge Laufenberg's refusal to overturn Judge Kerkman's directive contradicts SCR 61, which vests the Chief Judge with supervisory authority to resolve such disputes.

29. Wisconsin's Constitution (art. I, § 9) also guarantees that courts "shall be open," reflecting a policy of transparency and public accountability that Defendants' blanket ban undermines.

## CLAIMS FOR RELIEF

**Count I – First Amendment (Freedom of the Press / Retaliation)**

30. Plaintiff realleges and incorporates by reference paragraphs 1–29 as if fully set forth herein.

31. Defendants retaliated against Plaintiff's protected journalistic activity by denying courtroom photography access solely because of his critical reporting, in violation of the First Amendment.

**Count II – Equal Protection (Fourteenth Amendment)**

32. Plaintiff realleges and incorporates by reference paragraphs 1–29 as if fully set forth herein.

33. Plaintiff and his publication were categorically denied access under SCR 61 while other media outlets, including TMJ4, were granted same-day approvals without compliance. This constitutes unequal treatment of similarly situated press entities, violating the Equal Protection Clause.

**Count III – Right of Access (First and Fourteenth Amendments; Wis. Const. art. I, § 9)**

34. Plaintiff realleges and incorporates by reference paragraphs 1–29 as if fully set forth herein.

35. Wisconsin's Constitution explicitly guarantees open courts. By imposing a blanket ban on Plaintiff and his publication alone, Defendants unlawfully restricted access to public judicial proceedings.

**Count IV – Declaratory and Injunctive Relief**

36. Plaintiff realleges and incorporates by reference paragraphs 1–29 as if fully set forth herein.

37. Plaintiff seeks a declaration that the blanket ban is unconstitutional and an injunction requiring Defendants to process Plaintiff's requests under SCR 61 on equal terms with other media.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' actions violate the First and Fourteenth Amendments and Wisconsin Constitution;

B. Enjoin Defendants from enforcing the blanket ban against Plaintiff and Kenosha County Eye;

C. Require Defendants to apply Supreme Court Rule 61 on equal terms to all credentialed media;

D. Award costs, attorney's fees, and such other relief as this Court deems just and proper.

Respectfully submitted,

Kevin Mathewson
620 56th St
Kenosha, WI 53140
kevin@kenoshacountyeye.com
262-237-8501