UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KEVIN MATHEWSON,<br><br>      Plaintiff,<br><br>v.<br><br>HONORABLE CHAD KERKMAN,<br>HONORABLE WYNNE LAUFENBERG,<br>and COMMISSIONER WILLIAM<br>MICHEL, II,<br><br>      Defendants. | Case No. 25-CV-1492-JPS<br><br><br>**ORDER** |

  Plaintiff Kevin Mathewson ("Plaintiff") moves the Court for access to electronic filing in this action. ECF No. 6. The motion will be granted.

  This District's policies provide that "[p]arties proceeding pro se cannot file electronically unless authorized by the court." *Electronic Case Filing Policies and Procedures Manual*, E.D. Wis., at 3 [https://perma.cc/98HT-PCZE] (last revised Dec. 2, 2024). "E-filing privileges are not granted to pro se litigants as a matter of course." *Armstrong v. City of Milwaukee*, No. 24-CV-1389-JPS, 2025 WL 842713, at *2 (E.D. Wis. Mar. 18, 2025). In evaluating requests for e-filing privileges, the Court looks to factors such as the pro se litigant's "indigency, the costs associated with filing hard copies of documents," whether the litigant has access to a vehicle such that "drop[ping] off filings in person [is] more difficult," and whether the litigant has a "history of abusing electronic filing privileges." *Id.*

  Plaintiff has not provided the Court with much information with which to evaluate his request. Earlier in the case, Plaintiff paid the $405.00 filing fee. Sept. 29, 2025 docket notation. He does not argue that he cannot

afford to mail copies or that he cannot drop off filings in person. He simply argues that having access to e-filing will "promote efficiency, reduce costs, and ensure prompt filing and service for all parties." ECF No. 6 at 1.

Despite this lack of information, the Court will grant Plaintiff's motion for e-filing privileges in this case. Plaintiff has not filed any other cases in this district, and so far in this action, has not demonstrated any tendency to abuse litigation or the federal court system in general. It appears that granting Plaintiff e-filing access will ensure that this case runs more smoothly and efficiently toward resolution. Should Plaintiff begin to demonstrate any such abuse, or if it becomes otherwise apparent that he is no longer entitled to e-filing privileges,[1] the Court may revoke Plaintiff's e-filing privileges without further notice.

By participating in Electronic Case Filing, Plaintiff must abide by the Court's "ECF Policies and Procedures," which are available on the Court's website, https://www.wied.uscourts.gov/e-filing. Once registered for e-filing, Plaintiff will no longer receive paper copies of any materials filed by the Court or any opposing party. Rather, he will receive service exclusively through the email address associated with his account. Additionally, he must file all documents electronically (even those he may not have in electronic format).

---

[1] Plaintiff is reminded that, prior to filing *any* motion, he must first meet and confer with opposing counsel to attempt to resolve the issue without the Court's intervention. ECF No. 5 at 11. Filing motions without first meeting and conferring with opposing counsel, and certifying in writing that he has done so, will result in revocation of Plaintiff's e-filing privileges.

Additionally, Plaintiff's e-filing privileges apply to this case only. He may only file submissions that pertain to this case, not other actions he may have pending or which he may file in the future.

Plaintiff will be provided with instructions regarding e-filing registration, which requires Plaintiff to have a PACER account. Plaintiff shall complete his e-filing registration as soon as practicable and should contact the Clerk's Office with any questions regarding that process.

Accordingly,

**IT IS ORDERED** that Plaintiff Kevin Mathewson's motion for access to electronic filing, ECF No. 6, be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge