IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

KEVIN MATHEWSON,

Plaintiff,

Case No. 25CV01492

v.

HONORABLE CHAD KERKMAN,
HONORABLE WYNNE LAUFENBERG
and COMMISSIONER WILLIAM MICHEL, II,

Defendants.

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

---

## INTRODUCTION

Defendants' motion to dismiss asks this Court to treat a targeted, ongoing, extra-case "directive" banning a specific journalist from a public intake courtroom as if it were an ordinary case-level judicial ruling insulated from federal review. The record pled here is the opposite: Plaintiff challenges a blanket administrative policy—issued "effective immediately," not in a particular case, not after an adversarial proceeding, not based on findings made on a record, and not subject to any meaningful state appellate remedy—used to exclude one disfavored outlet from routine access to open court proceedings. That administrative character matters for three independent reasons.

First, Defendants invoke 42 U.S.C. § 1983's limitation on injunctive relief against "judicial officers" acting in a "judicial capacity," but the complaint alleges—and must be accepted as true at this stage—that Defendants acted administratively and in a policymaking

capacity, outside any particular adjudication, in an ongoing manner. Under the Supreme Court's functional approach, judges do not receive absolute judicial immunity for administrative acts simply because they are performed by judges. Administrative decisions are not "judicial acts" entitled to absolute immunity.

Second—and most importantly for the point Plaintiff asks the Court to address—Wisconsin Supreme Court Rule 61.10 itself labels chief-judge dispute resolution an "administrative matter" and then expressly forecloses appellate or supervisory review at the request of the media. SCR 61.10 provides that a dispute "may be referred only to the chief judge for resolution as an administrative matter," and then bars appellate review of "any order or ruling of a trial judge or chief judge under this chapter." That is exactly why declaratory relief is "unavailable" in the state system for purposes of § 1983's judicial-officer proviso, and exactly why federal prospective relief is not only permitted, but necessary to prevent ongoing constitutional violations.

Third, even Defendants' own motion underscores the administrative posture. They emphasize the "administrative" authority of the chief judge and deputy chief judge to manage court operations and issue directives, policies, and rules. Defendants cannot simultaneously rely on administrative chief-judge powers to justify a unilateral policy directive and then recharacterize that directive as an unreviewable "judicial act" to obtain immunity and dismissal. At minimum, the pleading raises fact-intensive, functional questions that cannot be resolved on a Rule 12(b)(6) motion.

For these reasons, and those set forth below, Defendants' motion should be denied.

## RELEVANT ALLEGATIONS (ACCEPTED AS TRUE AT THIS STAGE)

On September 2, 2025, Judge Kerkman issued a blanket email directive stating: "Effective immediately, Kevin Mathewson is prohibited from entering intake courtroom, room 157. All media requests by Mr. Mathewson for intake court shall be denied."

The complaint alleges this directive did not arise from any specific case, motion, or proceeding, was not an adjudicative ruling, and was instead a blanket administrative policy directed at a single journalist and publication, imposed outside any adversarial proceeding.

Plaintiff alleges the directive remains in effect and is enforced each time he requests access.

Plaintiff further alleges that he appealed to Chief Judge Laufenberg under SCR 61.10, and that she refused to overturn the directive. The complaint alleges these repeated denials constitute administrative enforcement of a standing policy rather than case-specific judicial decisions.

## ARGUMENT

### I. SCR 61.10 IS DISPOSITIVE ON THE "NO APPEAL / FINALITY" POINT—AND IT PROVES DECLARATORY RELIEF IS UNAVAILABLE

The Supreme Court has repeatedly held that when judges act in an administrative or rulemaking capacity, they are not performing "judicial acts" for immunity purposes. Consumers Union, 446 U.S. at 731–34. And in Forrester, 484 U.S. at 228–30, the Court made clear that even decisions made by judges—such as hiring, firing, or administrative management—are not judicial simply because a judge performs them. SCR 61.10's explicit

designation of chief-judge review as an "administrative matter" places this dispute squarely within that category.

This case cannot be understood without the rule Defendants themselves cite and quote: SCR 61.10. In Defendants' own words, SCR 61.10 provides that disputes about media access "may be referred only to the chief judge for resolution as an administrative matter," and that an appellate court "shall not exercise its appellate or supervisory jurisdiction to review" a trial judge's or chief judge's order under SCR 61 at the request of any person or organization seeking to exercise privileges under the rule.

That is not merely a procedural footnote. It is the central feature of the Wisconsin framework. When a member of the media seeks to exercise coverage privileges under SCR 61 and is denied, the only review available runs to the chief judge acting as an administrative decision-maker. Once the chief judge rules, the matter ends. SCR 61.10 contains an explicit finality clause for media-access disputes.

**A. SCR 61.10 expressly labels the chief judge's role "administrative," not adjudicative**

SCR 61.10 does not describe chief-judge review as an adjudication, an appeal, or an exercise of appellate jurisdiction. It expressly calls it "resolution as an administrative matter." That label matters under the functional test for immunity and under § 1983's prospective-relief framework. An administrative matter resolved by a chief judge is not the type of case-level judicial act traditionally cloaked in absolute immunity.

**B. SCR 61.10 makes the chief judge's decision final and non-appealable at the request of the media**

SCR 61.10 removes conventional state-court corrective mechanisms by providing that appellate courts shall not exercise appellate or supervisory jurisdiction to review these rulings at the request of the media. When Plaintiff sought review of the Kerkman directive through SCR 61.10—as Defendants insist he must—the governing rule itself blocked any further appellate remedy initiated by the press.

**C. Because SCR 61.10 forecloses appellate review, declaratory relief is unavailable under § 1983**

Defendants rely heavily on § 1983's proviso barring injunctive relief against judicial officers unless a declaratory decree was violated or declaratory relief was unavailable. SCR 61.10's finality clause is precisely why declaratory relief is unavailable in the state system for the very dispute Defendants say must be routed through SCR 61.

Plaintiff pled exactly that: SCR 61.10 channels disputes to the chief judge as an administrative matter, expressly precludes appellate review sought by the media, and leaves no state-court mechanism for a declaratory judgment that the ban is unlawful and must cease. At the pleading stage, those allegations defeat Defendants' argument and squarely invoke § 1983's statutory exception.

Defendants cannot use SCR 61.10 as both sword and shield by insisting Plaintiff must proceed under it while simultaneously pointing to the absence of state declaratory relief when the rule itself forecloses media-initiated appellate review.

## II. THE CHALLENGED CONDUCT IS ADMINISTRATIVE POLICYMAKING AND ENFORCEMENT, NOT A CASE-SPECIFIC JUDICIAL ACT

Judicial immunity turns on function, not title. Administrative acts—rulemaking, policy issuance, and enforcement of standing directives—are not judicial acts even when performed by judges.

This principle is firmly established by the Supreme Court. In Forrester v. White, 484 U.S. 219, 228–30 (1988), the Court held that a judge was *not* entitled to judicial immunity for firing a probation officer, because personnel decisions are administrative, not judicial. The Court emphasized that immunity depends on the nature of the function, not the identity of the actor. Likewise, in Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 731–34 (1980), the Court held that when judges engage in rulemaking, they act in an administrative capacity and are not shielded by judicial immunity.

These cases reinforce the core point here: issuing a blanket, forward-looking policy governing media access to an entire courtroom—outside any case, without a record, and without adversarial process—is administrative, not judicial.

The directive here was not issued from the bench in a pending proceeding. It was not tied to any docket. It imposed an "effective immediately" blanket exclusion and ordered that all future media requests by Plaintiff be denied. That is administration, not adjudication.

Defendants' attempt to analogize this to momentary courtroom control fails because the complaint alleges a continuing policy enforced each time Plaintiff seeks access, not a case-by-case exercise of judicial discretion.

Defendants' own brief confirms this administrative posture by emphasizing the chief judge's authority to manage court operations and carry out directives, policies, and rules. If Defendants are correct that this directive was issued pursuant to administrative authority, then absolute judicial immunity does not attach. At minimum, this functional inquiry cannot be resolved on a motion to dismiss.

## III. PLAINTIFF SEEKS PROSPECTIVE RELIEF TO STOP AN ONGOING POLICY, NOT APPELLATE REVIEW OF A STATE COURT JUDGMENT

Plaintiff seeks prospective declaratory and injunctive relief to halt an ongoing administrative regime. This is not an attempt to appeal a final state-court judgment. It is a challenge to continuing conduct that, by design under SCR 61.10, cannot be meaningfully reviewed through the Wisconsin appellate process at the request of the media.

Prospective relief to stop ongoing constitutional violations is appropriate under long-settled federal principles.

## IV. DEFENDANTS' § 1983 ARGUMENT FAILS BECAUSE THE COMPLAINT PLEADS ADMINISTRATIVE ACTION AND DECLARATORY RELIEF IS UNAVAILABLE

Defendants' § 1983 argument depends on characterizing their conduct as acts taken in a judicial capacity and asserting that Plaintiff failed to allege the unavailability of declaratory relief. Both premises fail.

The complaint alleges administrative policymaking outside any adjudication. Separately, SCR 61.10 expressly forecloses appellate review of media-access rulings at the request of the press, rendering declaratory relief unavailable in the practical and legal sense relevant to § 1983's exception.

## V. DEFENDANTS' QUALIFIED-IMMUNITY THEORY IS INTERNALLY INCONSISTENT AND CONFIRMS DISMISSAL IS IMPROPER

Defendants' qualified-immunity argument further demonstrates why this case cannot be resolved at the pleading stage.

Qualified immunity applies only to discretionary acts involving the exercise of individual judgment. At the same time, Defendants argue that Commissioner Michel merely followed or enforced a directive issued by others.

Those characterizations are in tension. Conduct that is purely ministerial or compelled by a standing order is not the type of discretionary decision-making qualified immunity is designed to protect. Defendants cannot simultaneously portray the same conduct as discretionary for immunity purposes and as automatic compliance with superior directives.

Moreover, describing Michel as an enforcer of a preexisting directive reinforces Plaintiff's allegation that the conduct at issue was administrative policy enforcement rather than adjudication in a judicial capacity. At minimum, Defendants' inconsistent descriptions create factual questions that cannot be resolved on a motion to dismiss.

## CONCLUSION

SCR 61.10 is explicit. Media-access disputes are resolved by the chief judge as an administrative matter, and Wisconsin appellate courts shall not exercise appellate or supervisory jurisdiction to review those rulings at the request of the media. That finality provision demonstrates the administrative nature of Defendants' conduct and confirms the absence of any meaningful state appellate remedy.

Plaintiff has plausibly alleged an ongoing administrative policy that excludes him from a public courtroom, is insulated from state review by rule, and violates federal constitutional rights.

For all of these reasons, Defendants' motion to dismiss should be denied.

Dated: January 29, 2025.

Respectfully submitted,

/s/ Kevin E. Mathewson
620 56th Street
Kenosha, WI 53140
kevin@kenoshacountyeye.com
(262) 237-8501