IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

KEVIN MATHEWSON,

Plaintiff,

v. Case No. 25-CV-1492

HON. CHAD KERKMAN, et al.,

Defendants.

---

**ANSWER AND DEFENSES OF DEFENDANTS HONORABLE CHAD KERKMAN AND HONORABLE WYNNE LAUFENBERG**

---

Defendants Honorable Chad Kerkman and Honorable Wynne Laufenberg (collectively, "Defendants"), by their undersigned counsel, respond to Plaintiff's amended complaint, (Dkt. 20), that was filed on December 22, 2025, as follows:

## INTRODUCTION

1. Defendants admit that Plaintiff filed this case under 42 U.S.C. § 1983 based on the sources of law cited in paragraph 1 and deny that Plaintiff is entitled to the relief he requested or any relief whatsoever. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 4.

5. Defendants admit that Judge Kerkman was appointed Deputy Chief Judge of the Second Judicial District in 2024 and that on September 2, 2025, he issued the directive (a copy of which is found at Dkt. 20-1) that is at issue in this case. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7. Defendants admit the allegations in the first sentence of paragraph 7 and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 7.

## JURISDICTION AND VENUE

8. The allegations in paragraph 8 are legal conclusions to which no response is required. To the extent that the allegations in paragraph 8 misstate the law or contain factual allegations, they are denied.

9. The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent that the allegations in paragraph 9 misstate the law or contain factual allegations, they are denied.

10. The allegations in paragraph 10 are legal conclusions to which no response is required. To the extent that the allegations in paragraph 10 misstate the law or contain factual allegations, they are denied.

## PARTIES

11. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13.

14. Defendants deny the allegations in the first sentence of paragraph 14, admit that William Michel, II was sued in his individual and official capacities, and affirmatively allege that William Michel, II is no longer a Kenosha County Circuit Court Commissioner.

## GENERAL FACTUAL ALLEGATIONS

### A. Plaintiff's History as a Credentialed Journalist

15. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

**B. Judge Kerkman's Longstanding Animus Toward KCE**

21. Defendants deny the allegations in paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

**C. Kerkman's Use of Deputy Chief Judge Role to Punish KCE**

25. Defendants admit that in September 2024 Judge Kerkman was appointed Deputy Chief Judge of the Second Judicial District and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

### D. The September 2, 2025, Directive Banning Mathewson from Intake Court

28. Defendants affirmatively allege that the September 2, 2025, directive (a copy of which is found at Dkt. 20-1) speaks for itself and deny the allegations in paragraph 28 to the extent, if at all, they are inconsistent with that document.

29. Defendants affirmatively allege that the September 2, 2025, directive (a copy of which is found at Dkt. 20-1) speaks for itself and deny the allegations in paragraph 29 to the extent, if at all, they are inconsistent with that document.

30. Defendants affirmatively allege that the September 2, 2025, directive (a copy of which is found at Dkt. 20-1) speaks for itself and deny the allegations in paragraph 30 to the extent, if at all, they are inconsistent with that document.

31. Defendants affirmatively allege that the September 2, 2025, directive (a copy of which is found at Dkt. 20-1) speaks for itself and deny the allegations in paragraph 31 to the extent, if at all, they are inconsistent with that document.

32. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 32.

33. Defendants admit the allegations in the first sentence of paragraph 33 and that the directive remains in effect today. Regarding the remaining allegations in paragraph 33, Plaintiff mischaracterizes the September 2, 2025, directive (a copy of which is found at Dkt. 20-1), which speaks for itself. Defendants deny the remaining allegations in paragraph 33 to the extent, if at all, they are inconsistent with the directive.

**E. Timing of the Ban in Relation to Bailiff Tammy Rose**

34. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

**F. Denials of Plaintiff's Requests and Chief Judge Laufenberg's Response**

40. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

41. The allegations in paragraph 41 regarding SCR 61.10 are legal conclusions to which no response is required. To the extent that those allegations misstate the law or contain factual allegations, they are denied. Defendants admit that Plaintiff filed a request pursuant to SCR 61 with Judge Laufenberg on September 9, 2025, regarding the September 2, 2025, directive issued by Judge Kerkman. A copy of Plaintiff's September 9, 2025, request to Judge Laufenberg is filed with this answer as Exhibit A. The request in Exhibit A speaks for itself, and Defendants deny the allegations in paragraph 41 to the extent, if at all, they are inconsistent with that document.

42. Defendants affirmatively allege that Judge Laufenberg's September 22, 2025, written response to Plaintiff is being filed with this answer as Exhibit B. The response in Exhibit B speaks for itself, and Defendants deny the allegations in paragraph 42 to the extent, if at all, they are inconsistent with that document.

43. The allegations in paragraph 43 are legal conclusions to which no response is required. To the extent that paragraph 43 misstates the law or contains factual allegations, it is denied.

44. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 46.

## G. Preferential Treatment for Other Media and the October 9, 2025, Global Ban

47. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 54.

55. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff is "trusted and credentialed by every other Kenosha County judge," as alleged in paragraph 55. Defendants admit that Plaintiff is not authorized to photograph in Judge Kerkman's courtroom or the intake courtroom 157. The remaining allegations in paragraph 55 are legal conclusions to which no response is required. To the extent that the remaining

allegations in paragraph 55 misstate the law or contain factual allegations, they are denied.

56. Defendants deny the allegations in paragraph 56.

## H. Retaliatory Law-Enforcement Complaints Against Plaintiff

57. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 57.

58. Defendants admit that Judge Kerkman made a report regarding Plaintiff's conduct to the Kenosha County Sheriff's Office and asked law enforcement to investigate. Defendants deny the remaining allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 60.

61. Defendants admit that Judge Kerkman contacted the Wisconsin State Capitol Police about Plaintiff's conduct and deny the remaining allegations in paragraph 61.

62. Defendants admit the allegations in the first sentence of paragraph 62 and deny the remaining allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

## I. Firing of Bailiff West Jacobs and Concealment of Records

64. Defendants deny the allegations in paragraph 64.

65. Defendants admit that West Jacobs had, at one time, served as a bailiff in Judge Kerkman's courtroom and lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants admit that Plaintiff submitted a public records request to Judge Kerkman and Kenosha County Clerk of Circuit Court Rebecca Matoska-Mentink seeking records related to the separation, including records concerning West Jacobs's disciplinary history, and deny that there was any written directive prohibiting staff from sharing KCE stories.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

**J. Commissioner Michel's Role**

70. The allegations in paragraph 70 are legal conclusions to which no response is required. To the extent that paragraph 70 misstates the law or contains factual allegations, it is denied.

71. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 71.

72. The allegations in paragraph 72 are legal conclusions to which no response is required. To the extent that paragraph 72 misstates the law or contains factual allegations, it is denied.

73. The allegations in paragraph 73 are legal conclusions to which no response is required. To the extent that paragraph 73 misstates the law or contains factual allegations, it is denied.

74. The allegations in paragraph 74 are legal conclusions to which no response is required. To the extent that paragraph 74 misstates the law or contains factual allegations, it is denied.

75. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 75.

### K. Ongoing Nature of the Ban and Unavailable Declaratory Relief in State System

76. Defendants admit that Judge Kerkman's September 2, 2025, directive and Judge Laufenberg's September 22, 2025, decision regarding Plaintiff's request to overturn the directive are still operative. Defendants deny that William Michel, II is enforcing the directive, as he is no longer a court commissioner. Defendants deny the remaining allegations in paragraph 76.

77. The allegations in paragraph 77 are legal conclusions to which no response is required. To the extent that paragraph 77 misstates the law or contains factual allegations, it is denied.

78. The allegations in paragraph 78 are legal conclusions to which no response is required. To the extent that paragraph 78 misstates the law or contains factual allegations, it is denied.

79. The allegations in paragraph 79 are legal conclusions to which no response is required. To the extent that paragraph 79 misstates the law or contains factual allegations, it is denied.

80. The allegations in paragraph 80 are legal conclusions to which no response is required. To the extent that paragraph 80 misstates the law or contains factual allegations, it is denied.

### L. Harm to Plaintiff

81. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 81.

82. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 83.

84. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 84.

85. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 85.

## CLAIMS FOR RELIEF

### COUNT I
### First Amendment – Freedom of the Press and Retaliation
### (42 U.S.C. § 1983 – All Defendants)

86. Defendants incorporate by this reference all of their responses to the allegations in the prior paragraphs as if set forth fully herein.

87. The allegations in paragraph 87 are legal conclusions to which no response is required. To the extent that paragraph 87 misstates the law or contains factual allegations, it is denied.

88. Defendants deny the allegations in paragraph 88.

89. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. The allegations in paragraph 91 are legal conclusions to which no response is required. To the extent that paragraph 91 misstates the law or contains factual allegations, it is denied.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

### COUNT II
### Fourteenth Amendment – Equal Protection / Selective Enforcement
### (42 U.S.C. § 1983 – All Defendants)

94. Defendants incorporate by this reference all of their responses to the allegations in the prior paragraphs as if set forth fully herein.

95. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 95.

96. Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. The allegations in paragraph 98 are legal conclusions to which no response is required. To the extent that paragraph 98 misstates the law or contains factual allegations, it is denied.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

**COUNT III**
**Right of Access to Judicial Proceedings – First and Fourteenth Amendments & Wisconsin Constitution art. I, § 9 (Open Courts)**
**(42 U.S.C. § 1983 – All Defendants)**

101. Defendants incorporate by this reference all of their responses to the allegations in the prior paragraphs as if set forth fully herein.

102. The allegations in paragraph 102 are legal conclusions to which no response is required. To the extent that paragraph 102 misstates the law or contains factual allegations, it is denied.

103. Defendants deny the allegations in paragraph 103.

104. The allegations in paragraph 104 are legal conclusions to which no response is required. To the extent that paragraph 104 misstates the law or contains factual allegations, it is denied.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

**COUNT IV**
**Declaratory and Injunctive Relief Under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–2202**
**(All Defendants)**

108. Defendants incorporate by this reference all of their responses to the allegations in the prior paragraphs as if set forth fully herein.

109. Defendants admit that Plaintiff seeks the requested relief in paragraph 109, deny that Plaintiff is entitled to that relief, and affirmatively allege that the Court has already determined that Plaintiff's "standalone claim under 28 U.S.C. §§ 2201 and 2202" "is unnecessary because § 2201, the Declaratory Judgment Act, 'does not . . . provide an independent cause of action,' only a statutory basis for declaratory relief." (Dkt. 25:16 n.8 (citation omitted).)

110. Defendants admit that Plaintiff seeks the requested relief in paragraph 110, deny that Plaintiff is entitled to that relief, and affirmatively allege that the Court has already determined that Plaintiff's "standalone claim

under 28 U.S.C. §§ 2201 and 2202" "is unnecessary because § 2201, the Declaratory Judgment Act, 'does not . . . provide an independent cause of action,' only a statutory basis for declaratory relief." (Dkt. 25:16 n.8 (citation omitted).)

111. Defendants admit that Judge Kerkman's September 2, 2025, directive and Judge Laufenberg's September 22, 2025, decision regarding Plaintiff's request to overturn the directive are still operative and that Plaintiff seeks the requested relief. Defendants affirmatively allege that the Court has already determined that Plaintiff's "standalone claim under 28 U.S.C. §§ 2201 and 2202" "is unnecessary because § 2201, the Declaratory Judgment Act, 'does not . . . provide an independent cause of action,' only a statutory basis for declaratory relief." (Dkt. 25:16 n.8 (citation omitted).)

112. The allegations in paragraph 112 are legal conclusions to which no response is required. To the extent that paragraph 112 misstates the law or contains factual allegations, it is denied. Defendants affirmatively allege that the Court has already determined that Plaintiff's "standalone claim under 28 U.S.C. §§ 2201 and 2202" "is unnecessary because § 2201, the Declaratory Judgment Act, 'does not . . . provide an independent cause of action,' only a statutory basis for declaratory relief." (Dkt. 25:16 n.8 (citation omitted).)

113. The allegations in paragraph 113 are legal conclusions to which no response is required. To the extent that paragraph 113 misstates the law or

contains factual allegations, it is denied. Defendants affirmatively allege that the Court has already determined that Plaintiff's "standalone claim under 28 U.S.C. §§ 2201 and 2202" "is unnecessary because § 2201, the Declaratory Judgment Act, 'does not . . . provide an independent cause of action,' only a statutory basis for declaratory relief." (Dkt. 25:16 n.8 (citation omitted).)

Response to the headings in the amended complaint: Defendants deny the factual allegations in the headings in the amended complaint. To the extent the allegations in the headings contain legal conclusions, no response is required. To the extent the headings misstate the law, they are denied. Defendants deny that Plaintiff is entitled to any relief whatsoever.

Response to the relief requested on pages 12 and 13 of the amended complaint: Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

Further response: Defendants deny any factual allegations in the amended complaint that are not expressly admitted in this answer.

## DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by judicial immunity.

3. Plaintiff's claims are barred by qualified immunity.

4. Defendants reserve the right to name additional defenses as they become known.

Defendants demand judgment as follows:

1. Denying declaratory and injunctive relief and any other relief Plaintiff requested;

2. Granting Defendants a final judgment and dismissing this case with prejudice; and

3. Awarding Defendants any other relief the Court deems just.

Dated this 12th day of November 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/Clayton P. Kawski
CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

Attorneys for Defendants
Honorable Chad Kerkman and
Honorable Wynne Laufenberg

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8549
(608) 294-2907 (Fax)
Clayton.Kawski@wisdoj.gov