**Kenosha County Eye**
620 56th St
Kenosha, WI 53140
www.kenoshacountyeye.com

Tel. No: 262-237-8501
Fax: 262-528-6624
Email: kenoshacountyeye@gmail.com
Kevin Mathewson – Journalist, Editor

**Via Email and U.S. Mail**

**September 9, 2025**

The Honorable Wynne P. Laufenberg
Chief Judge, Second Judicial Administrative District
Racine County Courthouse
730 Wisconsin Ave.
Racine, WI 53403

**Re: Appeal of Denial of Media Access in Intake Court under Supreme Court Rule 61**

Dear Honorable Chief Judge Laufenberg,

My name is Kevin Mathewson, and I am the founder and publisher of Kenosha County Eye, an independent news website established in 2020. The site covers courts, crime, politics, and public safety, and it has grown into the number one source of news in Kenosha County, with a monthly circulation of approximately 750,000 unique readers and climbing. My stories have been republished and broadcast across Wisconsin, the United States, and internationally many times, underscoring the broad reach and impact of my reporting.

I write to formally appeal the recent denials of my requests to photograph proceedings in Kenosha County's intake court under Supreme Court Rule 61. These denials, directed through Court Commissioner William Michel II, represent a sharp and unprecedented departure from established practice, are discriminatory in their application, and were issued at the order of Deputy Chief Judge Chad Kerkman.

**Background**

For more than five years, I have been credentialed under Supreme Court Rule 61 to photograph court proceedings in Kenosha County, Racine County, Walworth County, Brown County, Milwaukee County, Kenosha

Municipal Court, and Pleasant Prairie Municipal Court. I have been approved to photograph proceedings over a hundred times in Kenosha County's intake court alone, under at least four different commissioners and numerous supplemental commissioners, without any complaint or issue.

In addition, I have served as pool photographer for high-profile, nationally covered cases:

**The Mark Jensen retrial, approved by Judge Anthony Milisauskas.**

**The Zachariah Anderson murder trial, approved by Judge Bruce Schroeder.**

Both long-serving judges recognized me as a member of the news media without hesitation. Judge David Wilk, ruling in a defamation case, also explicitly confirmed that I had reporter's privilege under Wisconsin law (Wis. Stat. § 885.14).

It is important to note that Judge Kerkman has known about my frequent photography in Kenosha Circuit Court for more than five years, yet only now—after assuming the title of "Deputy Chief Judge"—has he decided to interfere. This timing raises serious concerns about misuse of that administrative title to retaliate against protected reporting.

**Events of September 2025**

On September 2, 2025, Judge Chad Kerkman sent an email directing Commissioner Michel and others that "all media requests by Mr. Mathewson for intake court shall be denied." This order applied solely to me, and not to Kenosha News, WGTD, or any other outlet. The email went further by attempting to bar me personally from entering courtroom 157, an unconstitutional directive that sheriff's deputies rightly refused to enforce.

Following that directive, Commissioner Michel acted in line with Judge Kerkman's orders and denied two separate requests:

On September 5, I requested permission to photograph in intake court that same day. He denied the request.

On September 5, I submitted another request to photograph on September 8 — more than three days in advance, fully satisfying SCR 61's notice guideline. He denied that request as well.

**Denied Warrant Under Kerkman's Direction**

This is not the first instance of Commissioner Michel acting at Judge Kerkman's direction to my detriment. The District Attorney's Office sought an arrest warrant for a woman who repeatedly violated a restraining order protecting me. Michel denied the request at Judge Kerkman's order. This defendant has been under the influence while armed with a firearm, has threatened violence against police, attempted suicide, and has threatened me repeatedly. While the warrant was denied, she remains charged and due back in court later this month. Judge Kerkman's direction to Michel in that instance placed me and my family at risk.

**Grounds for Appeal**

**1. Improper Influence**

Commissioner Michel's actions were not independent. They directly followed Judge Kerkman's directive, despite the fact that Judge Kerkman has no authority over intake court decisions. Intake commissioners are accountable to all judges of the district and ultimately to you as Chief Judge—not to a single judge acting with personal animus.

**2. Discriminatory Application**

The directive of September 2 was explicitly discriminatory, applying only to me and not to Kenosha News, WGTD, or other outlets. Selective enforcement against one journalist undermines the equal application of Supreme Court Rule 61 and violates the principle of open courts enshrined in Article I, § 9 of the Wisconsin Constitution.

**3. Contradiction of SCR 61 Practice**

Intake court has long waived the three-day notice requirement, allowing legitimate media inside the glass at any time, because defendants and charges are often not known until the same day. For years, commissioners have applied this common-sense practice fairly. Even when I complied with the three-day guideline (Sept. 5 for Sept. 8), my request was still denied. I am now the only media outlet that consistently covers intake court, aside from an

occasional appearance by TMJ4. The public is being denied transparency and accountability because of Judge Kerkman and Commissioner Michel's choices.

**4. Chilling Effect on the Press**

Judge Kerkman has made clear, both through third-party comments and direct action, that he personally dislikes me and my reporting. Kenosha County Eye has extensively covered his appellate reversals, temperament on the bench, questionable decisions, and conflicts of interest. Immediately before this directive, I published a story about his bailiff being charged with a felony, for which I emailed him directly seeking comment. Two days before the denial, I published another story quoting District Attorney Xavier Solis accusing Judge Kerkman of misleading a county committee. The timing of these critical pieces strongly suggests that my reporting prompted this retaliatory directive. Such retaliation undermines public confidence, chills constitutionally protected reporting, and threatens the public's right to know.

**5. Public Safety and Accountability Through Photography**

Courtroom photography is not cosmetic; it is a tool of accountability. Names on a docket often mean little to the public. Faces, however, are recognizable. Victims, neighbors, coworkers, and even family members may learn through coverage that someone they know has been accused of a serious crime. This is especially vital for cases involving sexual predators, violent offenders, and repeat drunk drivers. Photography ensures that the public can connect names to faces and protect themselves accordingly.

Moreover, the value of photography extends to transparency in sentencing and pretrial hearings. Readers can see for themselves who is entering and leaving the justice system. Denying this access suppresses the very transparency that SCR 61 was designed to promote.

**6. Broader Impact**

My reporting frequently travels beyond Kenosha County, often being rebroadcast regionally, nationally, and internationally. Restricting my access therefore limits not only local transparency but also the broader public's

understanding of how justice is administered in Wisconsin. Allowing one judge to retaliate unchecked sets a dangerous precedent that could embolden other judges to misuse judicial authority to suppress scrutiny.

**Relief Requested**

I respectfully request that you:

1. Review Commissioner Michel's denials and Judge Kerkman's September 2 directive.

2. Clarify that Kenosha County Eye qualifies as news media under Supreme Court Rule 61, consistent with prior rulings and credentials.

3. Reinstate my eligibility to request and receive permission to photograph intake court proceedings under SCR 61, subject to the same fair criteria applied to all outlets.

4. Issue guidance ensuring that intake commissioners exercise independent discretion, free from improper influence by a single judge.

5. Affirm that retaliatory actions against members of the press are incompatible with both Wisconsin law and the First Amendment of the United States Constitution.

**Conclusion**

For five years, I have worked professionally alongside commissioners, judges, deputies, and court staff to provide accurate courtroom coverage. Never once has my photography in intake court been questioned until now—and only at the order of one judge who has a clear personal animus and is newly wielding an administrative title.

The selective targeting of a single journalist undermines fairness, erodes transparency, endangers public trust in the judiciary, and chills constitutionally protected reporting. For the safety of the community, for the transparency of the courts, and for the credibility of the judicial system itself, I urge your intervention to restore integrity, consistency, and adherence to the law in the application of Supreme Court Rule 61.

Respectfully submitted,

Kevin Mathewson
Publisher, Kenosha County Eye, LLC

-