**HON. WYNNE P. LAUFENBERG**
**Chief Judge**
730 Wisconsin Avenue
Racine, WI 53403-1274

**HON. CHAD G. KERKMAN**
**Deputy Chief Judge**
912 56th Street
Kenosha, WI 53140-3747

**HON. Kristine E. Drettwan**
**Presiding Judge Walworth County**
P.O. Box 1001
Elkhorn, WI 53121-1001

**LOUIS C. MOORE, JD**
**District Court Administrator**
730 Wisconsin Avenue
Racine, WI 53403-1274
Phone: 262-636-3133

**STATE OF WISCONSIN**

# SECOND JUDICIAL DISTRICT

RACINE COUNTY COURTHOUSE
730 WISCONSIN AVENUE
RACINE, WISCONSIN 53403

FAX (262) 636-3437

Second Judicial District of Wisconsin
Kenosha
Racine
Walworth

September 22, 2025

Mr. Kevin Mathewson
Kenosha County Eye, LLC
620 56th Street
Kenosha, WI 53140

Dear Mr. Mathewson,

I am writing this letter in response to your inquiry of the application of Supreme Court Rules pursuant to Chapter 61, as it relates to your access to the well of the court of the designated courtroom, in Kenosha County, for criminal, intake dockets.

I will first reference **SCR 70.25**. This rule states that the chief judge of each judicial administrative district shall appoint a deputy chief judge to serve under the chief judge. This rule also states that the deputy chief judge shall provide assistance to the chief judge in administrative areas requiring the participation by a judicial officer. Further, the deputy chief judge's duties and authority are delegated by the chief judge and may include acting for the chief judge in his or her absence and representing the chief judge at official function or in dealings with other agencies.

Judge Chad Kerkman is the deputy chief judge in Kenosha County. Judge Kerkman is well aware of this Supreme Court Rule and provides valuable assistance to me regarding the day-to - day workings of the Kenosha County courtrooms. With the exception of Milwaukee County, the chief judges in this state have their own dockets and calendars to manage, on top of their duties as chief judges. The Supreme Court Rules governing deputy chiefs and presiding judges, per district, greatly assist the chief judge.

**SCR 75.02** references the appointment of court commissioners. The county board has the statutory authority to create a position of a court commissioner pursuant to sec. 757.69 Wis. Stats. "The chief judge of a judicial administrative district shall appoint within the district, as authorized by law, officers of the court to perform limited judicial and quasi-judicial functions under the direction and authority of the chief judge and the judges of the circuit." (emphasis added) SCR 75.02(1).

**SCR 68.04** is titled "Judicial Officer Authority." This rule states that the "day to day security decisions and case specific security are within the discretion of each individual judicial officer."

"Our appellate courts have long recognized the inherent constitutional responsibility of the circuit court to employ efficient and effective off-the-bench judicial management techniques. The delivery of justice requires much more than presiding over cases and announcing decisions. Judges and their staff also serve as courtroom and calendar administrators, performing a myriad of tasks all designed to carry out constitutionally required responsibilities. A circuit court necessarily has inherent power, derived from the constitution, to protect itself and to control the judicial business before it, business that includes 'administrative' tasks." Barland v. Eau Claire County, 216 Wis 2d. 560, 583, 575 N.W.2d 691(WI Supreme Court, 1998)

**SCR 61.01** is titled "Authority of trial judge." This rule provides that "rules of conduct in this chapter do not limit or restrict the power, authority or responsibility otherwise vested in the trial judge to control the conduct of proceedings before the judge. The authority of the trial judge over the inclusion or exclusion of the press or the public at particular proceedings or during the testimony of particular witnesses is applicable to any person engaging in any activity authorized by this chapter."

**SCR 61.02** is titled "Media coordinator." At 61.02(1) the rule states that "the Wisconsin freedom of information council shall designate for each judicial administrative district a coordinator who shall work with the chief judge of the judicial administrative district and the trial judge in a court proceeding in implementing this chapter." At 61.02(2) the rule indicates that "if possible, the trial judge shall be given notice, at lease 3 days in advance, of the intention

of the media to bring cameras or recording equipment into the courtroom. In the discretion of the trial judge, the notice rule may be waived if cause for the waiver is demonstrated."

**SCR 61.03** references "Equipment and personnel." At 61.03(4) "The media coordinator shall be responsible for receiving requests to engage in the activities authorized by this chapter in a particular court proceeding and shall make the necessary allocations of authorizations among those filing the requests. In the absence of advance media agreement on disputed equipment or personnel issues, the trial judge shall exclude all audio or visual equipment from the proceeding."

It is against that backdrop of the Wisconsin Constitution, Wisconsin caselaw and Wisconsin Supreme Court Rules that I address your concerns in your letter from September 9, 2025.

I would like to reference a letter penned to you by former Chief Judge Rossell on July 28, 2022, regarding your request to review a denial for photography by you in Racine County Circuit Court File 2017 CV1644 which was being heard in Kenosha County by Judge Kerkman. I agree with the analysis by Judge Rossell, a chief judge does not act in appellate-like decision making authority regarding Chapter 61 SCR application by another circuit court judge.

Your frequent and weekly access to the well of the intake courtroom was unknown to Judge Kerkman and myself. This unfettered access was not accomplished by utilizing Chapter 61 of the Supreme Court Rules. Recently, Judge Kerkman observed you in the well of the intake court and was surprised to see you there without SCR 61 compliance. I understand that you were casually dressed in jeans and a t-shirt. I also understand that you have moved around within the well and approached the clerk's desk to look at documents. These actions are inappropriate in light of the foregoing rules and caselaw that I have referenced.

I am also aware that you authored an article on your Kenosha County Eye website in the last fourteen days, which criticized Judge Kerkman's decision to deny you access to the well of the intake courtroom. At the end of the article, you chose to publish Judge Kerkman's personal address and cell phone from his campaign forms from the WEC site. One could certainly interpret that action was a form of doxing. I appreciate that you complied with the request to remove that personal information pursuant to 2023 Wisconsin Act 235, effective April 1, 2025.

Judicial security is an issue I take very seriously. Our state legislature has provided more security provisions for the judiciary in the last year. I am grateful for those efforts. The two, attempted assassinations on President Trump and homicides of the Minnesota legislators spotlight the dangers that elected officials face, on a daily basis. Indeed, in our own state, Judge John Roemer was brutally murdered in the sanctity of his home in 2022.

The eight, elected judges of Kenosha County are tried and true jurists. Many of them have been elected for multiple terms. They enter the Kenosha County courthouse daily, to render orders and decisions based on the law and evidence presented. On any given day, due to the adversarial aspect of litigation, one party can leave their courtroom, dissatisfied and unhappy with the result. We live in unprecedented times where threats and harmful actions to elected officials is now a way of life. I hope that changes in our country but the events of the past week show that any change is not imminent.

To be sure, the courtrooms in Kenosha County are open to everyone unless otherwise statutorily closed (eg. juvenile proceedings).

Any request that you may have to photograph court proceedings, within the well of a courtroom or from the gallery, must be processed through Chapter 61 of the Supreme Court Rules.

Sincerely,

/s/
Chief Judge Wynne Laufenberg
Second Judicial District

CC: Kenosha County Judges
Louis Moore, DCA



**Ex. B to Answer**